LEGGETT & PLATT SPRING BED MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40216. Promulgated February 3, 1930.

*George B. Lang*, Esq., and *Milo A. Lang*, Esq., for the petitioner.
*Arthur Carnduff*, Esq., for the respondent.

### OPINION.

LANSDON: The petitioner contends for the right to make certain deductions from its gross income in each of the taxable years on account of depreciation of two groups of patents. The first of such groups was acquired in 1901 at a cost of $75,000. It consisted of five

patents, of which the latest issued was dated August 21, 1900. The petitioner alleges that the second group was acquired in 1914, at a cost of $95,000.

In many decided cases this Board has held that a patent is a depreciable asset, exhaustible ratably over the term for which it is issued. *Union Metal Manufacturing Co.*, 1 B. T. A. 395; *St. Louis Screw Co.*, 2 B. T. A. 649; *Bear Manufacturing Co.*, 2 B. T. A. 422; *Autovent Fan & Blower Co.*, 5 B. T. A. 282. If the evidence shows that a taxpayer is entitled to depreciation of an asset as a deduction from gross income in any given year, the basis for computation thereof is valued at March 1, 1913, if acquired prior thereto, or cost if acquired subsequently. *Even Realty Co.*, 1 B. T. A. 355; *Clark & Co.*, 4 B. T. A. 356; *Wisconsin National Bank*, 4 B. T. A. 109.

Deductions from gross income on account of depreciation are based on the now well-established rule that a taxpayer is entitled to the tax-free return of the capital cost or 1913 value of property used in his trade or business. It is elementary that an allowance for depreciation must be conditioned on the use of the asset in the taxpayer's business in the year in which deduction is claimed. The life of a patent is seventeen years. The latest patent in the first group here involved was dated in 1900. The taxable years are 1924, 1925, and 1926. It is obvious, therefore, that none of the patents acquired in 1901 were used in the petitioner's business in the taxable years, since the latest of such patents expired by operation of law on August 21, 1917. It is not necessary, therefore, to consider evidence as to the value of such patents at March 1, 1913. It is true, of course, that good will built up by the use of a patent may continue in great value for many years after the expiration of the patent, but the cost thereof can not be said to equal the amount paid for the patent or even to be included therein. In any event, good will is not a depreciable asset. *Red Wing Malting Co.* v. *Willcuts*, 15 Fed. (2d) 626; *Manhattan Brewing Co.*, 6 B. T. A. 952.

The evidence as to the second group of patents alleged to have been acquired in 1914 at cost of $95,000 is not clear. It appears that at or about July 1, 1913, the petitioner purchased the assets of a Kentucky corporation and that included therein was a reacquisition of the right to use its own patents in territory east of the Mississippi River. The patent rights so acquired related to the patents purchased by the petitioner in 1901 and whatever value they had expired with the latest of the patents in 1917, and certainly was not used by the petitioner in the taxable year. Even if patents or patent rights depreciable under the law were purchased from the Kentucky corporation the record discloses that such assets, if any, were included in a mixed body of personal property, all acquired at the same time

and declared then to be of the fair market value of $95,000. This, of course, falls far short of proof that the patents or patent rights so acquired cost $95,000.

The two new patents dated respectively April 21, 1914, and January 26, 1915, covering " Spring Bed-Bottoms " and "Machines for Bending and Cutting Coiled Springs," were used in the petitioner's business in the taxable years, but the record is silent as to the cost thereof. It is obvious, however, that neither was included in the groups purchased for $75,000 in 1901 or in the assets acquired from the Kentucky corporation in 1913. Neither purports to be a renewal of any previously issued patent or to be an improvement on or amendments to any patent expired or otherwise then owned or that had ever been owned by the petitioner. As no cost of these patents is proved there is no basis for the computation of depreciation thereon.

The petitioner adduced no evidence in support of its claim for the allowance of obsolescence of a building owned by it, but abandoned for use in its business, and we therefore conclude that this issue has been abandoned. The determination of the Commissioner, if any, in relation thereto is approved.

*Decision will be entered for the respondent.*